**State of Vermont**
**Superior Court—Environmental Division**

=============================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
=============================================================================

**In re Schwarzkopf 4-Lot Subdivision Application**                **Docket No. 94-6-10 Vtec**
**(Appeal from Village of Old Bennington**
**Planning Commission decision)**

Title: Motion for Pretrial Discovery (Filing No. 11)

Filed: January 19, 2011

Filed By: David Grayck, Attorney for Applicants/Appellants Donald S. Schwarzkopf and Margaret O'Neil
     Schwarzkopf

Response in Opposition to filed on 1/25/11 by Robert E. Woolmington, Attorney for Appellee Village of Old
     Bennington

Reply filed on 2/3/11 by David Grayck, Attorney for Applicants/Appellants Donald S. Schwarzkopf and
     Margaret O'Neil Schwarzkopf


___ Granted                     _X_ Denied                     ___ Other


This appeal concerns conditions that the Village of Old Bennington ("Village") Planning Commission attached to its May 26, 2010 permit approval of the four-lot subdivision application submitted by Applicants/Appellants Donald S. Schwarzkopf and Margaret O'Neil Schwarzkopf ("Appellants"). The only remaining issue on appeal is the legality and appropriateness of the following condition: "No trees, or other existing foliage, shall be removed from those areas outside of the building envelopes shown for the subdivided parcels, on the subdivision plan." In re the Application of Donald S. S. Schwarzkopf and Margaret O'Neil Schwarzkopf for a Four-Lot Subdivision at: 37 Monument Avenue, Old Bennington, Vermont, at 3 (Village of Old Bennington Planning Comm'n May 26, 2010). With its currently pending motion, Appellants ask this Court to order the Village and Interested Person Peter L. Stromgren to identify particular trees on Appellants' property that concern the two parties and to note, on a subdivision plat, the trees' location, trunk diameters, and, if possible, species.

Under this Court's procedural rules, we either establish the scope of discovery by a pretrial order, limited by "that which is necessary for a full and fair determination of the proceeding," or allow parties to reach an agreement on their own. V.R.E.C.P. 2(c); see also 4 V.S.A. § 1004(b). Here, no discovery order was issued by the Court.[1] To the extent that Appellants now seek such an order, only six weeks before the merits hearing, we conclude that their request is untimely.

We also find that Appellants are asking this Court to make an unduly burdensome request of the Village and Interested Person Peter L. Stromgren on the eve of trial. The information Appellants now seek could have been sought at an earlier date and, by waiting, Appellants now ask the Village and an interested person to complete expedited field work in the middle of winter, the time, scope, and expense of which is unclear. Appellants, on whose property the trees lie, are in a better position to collect most of the specimen data requested. We also do not find the discovery request necessary for a full and fair determination of the

_____

[1] The Court issued its first and only Scheduling Order in this appeal on August 12, 2010. Pursuant to the parties' representations, that Scheduling Order did not contain any specific discovery deadlines. The Court often issues scheduling orders without specific discovery deadlines when the parties advise the Court either that they have already completed any needed discovery, or that they are willing to complete needed discovery without specific deadlines. In this appeal, no request for specific discovery was made by any party until Appellants' request, filed six weeks prior to the scheduled trial.

issue before us. We note in this regard that, if a similar condition is attached to any approval of the subdivision that this Court may issue after the completion of the de novo merits hearing, that condition would restrict tree cutting in the future. Thus, the trees as they currently exist may have little relevance to the trees Appellants may be prohibited from cutting in the future.

Finally, we note that Appellants have also made no representations that they sought the requested information from the Village and Interested Person Peter L. Stromgren before asking the Court for an order directing that it be provided. While we do not have before us a motion to compel discovery, but rather a motion seeking a court order directing discovery under V.R.E.C.P. 2(c), we see the spirit of V.R.C.P. 26(h) as applying here. See V.R.E.C.P. 5(a)(2). Rule 26(h) of the Vermont Rules of Civil Procedure begins with the statement that "[c]ounsel have the obligation to make good faith efforts among themselves to resolve or reduce all differences relating to discovery procedures and to avoid filing unnecessary motions." Rule 26(h) goes on to require that a motion related to discovery procedures be accompanied by "an affidavit or a certificate of a party's attorney . . . certifying that he or she has conferred or has attempted to confer with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court, and has been unable to reach such an agreement." We view V.R.C.P. 26(h) as instructive for our review of Appellants' pending motion and would expect parties who ultimately file a motion for discovery before this Court to have first made good faith efforts with opposing parties at resolving their discovery disputes. We have no representation before us that the spirit of Rule 26(h) has been honored.

Additionally, while we do appreciate Appellants' attention to discussions that occurred during our recent site visit on January 14, 2011, we wish to remind Appellants and other parties that the purpose of the site visit is only to help the Court put into context the evidence that will be submitted at trial. The Court cannot rely on evidence presented at the site visit to reach conclusions. To the extent that Appellants or other parties wish to make arguments stemming from representations made at the site visit, they will have to first present any and all relevant evidence at trial.

For all of the reasons stated above, we **DENY** Appellants' motion for pretrial discovery and ask parties to prepare for the upcoming merits hearing that will be held on March 4, 2011.


_____          _____February 15, 2011_____
       Thomas S. Durkin, Judge                                          Date

======================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

   David Grayck, Attorney for Appellants Donald S. Schwarzkopf and Margaret O'Neil Schwarzkopf

   Robert E. Woolmington, Attorney for Appellee Village of Old Bennington

   Interested Person Peter L. Stromgren

   Interested Person Patricia Lynn Green

   Interested Person Peter Green

   Interested Person Susan Wright

   G. Richard Dundas (FYI purposes only)

   Bonita Dundas (FYI purposes only)